George M. STERLING, Plaintiff,

v.

John LEHMAN, Secretary of the Department of the Navy, and Clarence Thomas, Chairman of the Equal Employment Opportunity Commission, Defendants.

No. C–83–3101 SC.

United States District Court,
N.D. California.

Oct. 21, 1983.

Alexander G. van Broek, San Francisco, Cal., for plaintiff.

John Russoniello, U.S. Atty., San Francisco, Cal., for Secretary of the Navy.

Thomas J. Schlageter, E.E.O.C., Washington, D.C., for defendants.

ORDER RE MOTIONS TO DISMISS

CONTI, District Judge.

This matter is before the court on the motion to dismiss of defendant John Leh-

man, Secretary of the Department of the Navy ("Lehman"), and of defendant Clarence Thomas, Chairman of the Equal Employment Opportunity Commission ("Thomas"), respectively. Both defendants argue that the remedial scheme of the Fair Labor Standards Act, 29 U.S.C. §§ 201–219, as incorporated in the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621–634, does not allow for the award of attorneys' fees for federal employees who gain redress at the administrative level. Defendant Thomas puts forward the additional argument that plaintiff has failed to state a claim against him for which relief can be granted. Fed.R.Civ.P. 12(b)(6). For the reasons set forth below, defendant Lehman's motion to dismiss is denied and defendant Thomas' motion to dismiss is granted.

## FACTS

On or about May, 1974, plaintiff was not selected for a civilian position within the Department of the Navy. Plaintiff was 55 years old at the time he was denied the position. Plaintiff thereafter filed an administrative complaint of age discrimination with the Department of the Navy. The complaint was dismissed. The dismissal was subsequently upheld by the Civil Service Commission in 1975. Plaintiff sought judicial review of the dismissal. This court, after having reviewed the action, remanded plaintiff's complaint to the Department of the Navy for reconsideration of its merits. On remand, the Navy again found that plaintiff had not been discriminated against in failing to receive the civilian position. On a second appeal to the Civil Service Commission, the decision of the Navy was rescinded and the matter was again remanded to the Navy for a hearing. The Navy thereafter issued a final decision in 1980 finding in favor of plaintiff. The decision, however, did not address the issue of whether plaintiff was entitled to attorneys' fees. Plaintiff therefore appealed the decision to the Equal Employment Opportunity Commission ("EEOC") insofar as it failed to provide attorneys' fees. On May 20, 1982, the EEOC denied plaintiff's request for attorneys' fees.

Plaintiff now brings the present action seeking $7,175.00 in attorneys' fees and costs for the 1976 judicial action, which resulted in a remand of the complaint, and for the present court action. Defendants argue that this court lacks subject matter jurisdiction to entertain plaintiffs' request for attorneys' fees. And, assuming there is jurisdiction, defendants argue that this court must dismiss the action because plaintiff is not entitled to an award of attorneys' fees under the ADEA or any other relevant federal statute. Finally, defendant Thomas puts forward the additional argument that plaintiff has failed to state a claim against him upon which relief can be granted.

## DISCUSSION

■ Plaintiff sets forth the following as his jurisdictional basis for this action: 29 U.S.C. § 633a, 42 U.S.C. § 2000e–16(b), 28 U.S.C. §§ 1331, 1343 and 1361, and the Fifth Amendment to the United States Constitution. As stated earlier, defendants dispute this court's jurisdiction over plaintiff's claim. The court will not address all of defendants' arguments regarding the jurisdictional issues raised by plaintiff's action because the court finds this matter to be properly before it under Section 15(c) of the ADEA, 29 U.S.C. § 633a(c).

Section 15(c) of the ADEA provides the following:

Any person aggrieved may bring a civil action in any Federal district court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter.

Accordingly, plaintiff's request for attorneys' fees is properly before this court. *See Kennedy v. Whitehurst*, 690 F.2d 951, 961–962 (D.C.Cir.1982).

Having determined the jurisdictional basis of this action, the court must now address the more complex issue presented by defendants' respective motions to dismiss, *i.e.*, whether plaintiff is entitled to attor-

neys' fees under the ADEA for this judicial action, and for the 1976 judicial action. In order to reach this question, the court must first examine the nature and scope of the ADEA as it applies to federal employees.

■ The purpose of the ADEA is to protect employees from discrimination based on age. *Lorillard v. Pons*, 434 U.S. 575, 577, 98 S.Ct. 866, 868, 55 L.Ed.2d 40 (1978). As originally enacted, the ADEA applied only to those workers employed in the private sector. In 1974, Congress amended the ADEA to protect federal employees from age discrimination. *See* Section 15(a) of the ADEA, 29 U.S.C. § 633a. In so doing, however, Congress failed to incorporate into the amendment the remedial scheme of the ADEA as contained in Section 7 of the Act. As a result, the ADEA, which allows attorneys' fees to a prevailing private sector employee (Section 7(b) of the Act), contains no explicit reference to an award of attorneys' fees to a prevailing *federal* employee. The statute only states that a federal court shall grant such relief that "will effectuate the purposes of this [A]ct." Section 15(c) of the ADEA, 29 U.S.C. § 633a(c).

Under such statutory guidance, the court hereby finds that an award of attorneys' fees for plaintiff's judicial proceedings is necessary to effectuate the purposes of the ADEA. *See Kennedy v. Whitehurst*, 690 F.2d at 966 n. 25; *DeFries v. Haarhues*, 488 F.Supp. 1037, 1044 (C.D.Ill.1980).

■ In so ruling, however, the court does not address the appropriateness of an award of attorneys' fees at the administrative level. The issue before this court is whether an award of attorneys' fees for work performed in connection with court actions is necessary to fulfill the purpose and meaning of the ADEA. In light of the "make whole" policy of the ADEA, as well as the centrality of the judicial proceedings in the present action, the court hereby finds that plaintiff is entitled to an award of attorneys' fees for this judicial proceeding, as well as the 1976 judicial action.

Based on the reasons set forth above, defendant Lehman's motion to dismiss is denied. However, the motion to dismiss of defendant Thomas is based not only on the above referenced arguments, but also on the ground that plaintiff has failed to state a cause of action against him upon which relief can be granted. The court agrees.

■ The ADEA does not provide a remedy against the Chairman of the EEOC for individuals who are neither employees nor applicants for employment with the EEOC. Nor can a remedy be inferred. *See Lehman v. Nakshian*, 453 U.S. 156, 163–164, 101 S.Ct. 2698, 2702–2703, 69 L.Ed.2d 548 (1981). Plaintiff's only justification for including Thomas as a defendant in the present action is because "it is not possible to state with certainty that complete relief can be achieved against defendant Lehman." Complete relief can be achieved against defendant Lehman. Accordingly, the motion to dismiss of defendant Thomas is granted.

ORDER

In accordance with the foregoing, it is hereby ordered that:

(1) Defendant Lehman's motion to dismiss is denied;

(2) Defendant Thomas' motion to dismiss is granted;

(3) Plaintiff shall have twenty (20) days from the date of this order in which to submit to the court an itemization of the amount of attorneys' fees incurred by him in relation to the present judicial action, and the 1976 judicial action. Defendant Lehman shall have ten (10) days thereafter in which to respond, if at all, to the amount of attorneys' fees requested by plaintiff.