John **TRUJILLO**, **Clarence Wheeler**, **Robert Banda**, **Gail Timme**, and **Elaine R. Bronson**, on behalf of themselves and all others similarly situated, **Plaintiffs**,

**Thomas Rother**, **Jesse M. Gypin**, **Eric D. Robinson**, **Roger Rivera**, **Stephen Thompson**, **Carolyn Maxwell**, **Robert D. Martinez**, **Bernice W. Walker**, **Ida M. Goode**, **Ollie M. Steen** and **Virginia Fontaine**, **Plaintiffs-Intervenors**,

v.

**Margaret M. HECKLER**, Secretary of Health and Human Services.

**Civ. A. No. 82–K–1505.**

United States District Court,
D. Colorado.

June 29, 1984.

---

Linda J. Olson, Michael J. Steiner, Legal Aid Society of Metropolitan Denver, Daniel M. Taubman, Colo. Coalition of Legal Service Programs, Denver, Colo., William Redak, Jr., Redak & Brantz, Longmont, Colo., Carol Glowinsky, Legal Aid & Defender Program, John Whitehouse Cobb, Roper, Lief, Mains & Cobb, Boulder, Colo., for plaintiffs.

R. Eric Solem, Pikes Peak Legal Services, Colorado Springs, Colo., Bernard A. Poskus, Colorado Rural Legal Services, Grand Junction, Colo., John G. Detmer, Erickson, Holmes, Nicholls, Kusic & Sussman, Denver, Colo., for plaintiffs-intervenors.

Robert N. Miller, U.S. Atty., John R. Barksdale, Asst. U.S. Atty., Denver, Colo., for defendant.

## MEMORANDUM AND ORDER

KANE, District Judge.

This case is now before me on plaintiffs' motion for attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). On the merits, I enjoined the Secretary of Health and Human Services from terminating social security disability benefits without first showing a medical improvement or substantial error in the first proceeding. 569 F.Supp. 631 (1983). Following the decision on the merits, I denied plaintiffs' motion for attorney fees pursuant to § 2412(d). 582 F.Supp. 701 (1984). That subsection provides for a grant of attorney fees in litigation against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d). In light of the absence of explicit statutory language or specific case authority in the Tenth Circuit, I found that the Secretary was not acting unreasonably in litigating whether social security disability benefits could be terminated without first showing a medical improvement or substantial error earlier. 582 at 705–6.

Plaintiffs then sought leave, which was granted, to file a supplemental application for attorney fees under an alternative theory. Plaintiffs now argue that subsection (b) of the EAJA allows for a recovery of fees even if subsection (d) does not. The relevant portion of the statute provides that the United States may be liable for attorney fees "to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award." 28 U.S.C. § 2412(b).[1] Plaintiffs posit two alternative theories for recovery under this subsection. First, they argue that fees are recoverable under the "common benefit" exception to the usual American rule that each party must pay his own lawyers. Second, plaintiffs suggest that 42 U.S.C. § 1988, which provides for an award of attorney fees in civil rights cases against states, can be incorporated into the EAJA to allow for a payment of fees here.

The threshold issue in any award of attorney fees under § 2412(b) is a determination that the claiming party has prevailed on the merits. The substance and basis of the earlier injunctive order clearly indicates that the plaintiffs prevailed on the merits of this law suit.

---

1. The full text of 28 U.S.C. § 2412(b) provides: Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency and any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

930

## I. Common Benefit Theory.

■. A principal common law exception to the American rule arises when the plaintiff successfully maintains a suit, often in the form of a class action, which benefits others in addition to himself. *See Mills v. Electric Auto-Lite Co.,* 396 U.S. 375, 391–96, 90 S.Ct. 616, 625–27, 24 L.Ed.2d 593 (1970); *Hall v. Cole,* 412 U.S. 1, 8–9, 93 S.Ct. 1943, 1947–48, 36 L.Ed.2d 702 (1973). The Tenth Circuit has recognized that this common benefit theory can be a basis of recovery of fees under the provisions of § 2412(b). *United States v. 2,116 Boxes of Boned Beef,* 726 F.2d 1481, 1486 n. 10 (10th Cir.1984).

Defendant agrees that the common benefit exception is codified in the EAJA, but argues that fee awards under this theory should be limited to situations where there is a close congruity between the beneficiary and the party against whom the award is sought. The substance of this close congruity argument derives from the logical underpinnings of fee awards pursuant to the common benefit exception. The common benefit theory makes exception to the American rule by allowing the costs of litigation to be spread among all those who benefit from a law suit. Such an award of attorney fees will distribute the costs of a named plaintiff's efforts among all similarly situated individuals who benefit from those efforts. The common benefit theory derives from the earlier developed common fund theory which awarded attorney fees out of an award to all beneficiaries of a lawsuit. The losing defendant did not pay attorney fees in addition to damages awarded; rather, all the beneficiaries of the litigation shared in the costs. The Supreme Court recognized, however, that litigants seeking injunctive relief might often have to bear the costs of litigation which benefits others not parties to the suit. The Court thus stated, "[t]he fact that this suit has not yet produced, and may never produce a monetary recovery from which fees could be paid does not preclude an award [of attorney fees] based on this rationale." *Mills,* supra at 392, 90 S.Ct. at 625. Attorney fees have thus been awarded to plaintiffs seeking injunctive relief not because of any bad faith on the part of the defendant, but to avoid forcing a single plaintiff to shoulder the entire cost of litigation which may benefit others not party to the lawsuit. In this way the non-party beneficiaries will not be unjustly enriched at the cost of named plaintiffs. Attorney fees have thus been awarded to plaintiffs seeking to set aside a corporate merger in violation of the Securities and Exchange Act of 1934, *Mills,* supra, and to a plaintiff seeking to regain union membership following violation of the Labor-Management Reporting and Disclosure Act, *Hall,* supra.

The common benefit theory, by imposing costs on a corporate or union defendant, in effect assesses costs against the real beneficiaries of the law suit, the shareholders and union members. The costs are not assessed against an unrelated defendant in contravention of the general American rule. In *Hall* the Court thus stated:

> [A]s in *Mills,* reimbursement of respondent's attorneys' fees out of the union treasury simply shifts the costs of litigation to "the class that has benefited from them and would have had to pay them had it brought the suit."

*Hall,* supra, 412 U.S. at 8–9, 93 S.Ct. at 1947–48.

■ Unlike in *Hall* and *Mills,* the defendant, United States, is more than just a representative of all the beneficiaries of the litigation. An award of attorney fees would ultimately be born by all taxpayers, rather than just those benefiting from the injunctive order. As such, defendant argues, and I agree, that the common benefit theory is inapplicable in cases such as this where plaintiffs seek injunctive relief against the government. *See, e.g., Pealo v. Farmers Home Admin.,* 562 F.2d 744, 748 (D.C.Cir.1977); *Burbank v. Twomey,* 520 F.2d 744, 749 (7th Cir.1975); *McQuiston v. Marsh,* 707 F.2d 1082, 1085 (9th Cir.1983).

Plaintiff relies on an opinion of the U.S. District Court for the Western District of Oklahoma which awarded attorney fees in a similar suit against the Secretary of

Health and Human Services for wrongful denial of social security benefits. *Jordan v. Schweiker*, No. 79–994 (W.D.Okl. June 15, 1983). In that case plaintiffs were awarded attorney fees under both § 2412(d) and the common benefit theory as applied in § 2412(b). I have already found that plaintiffs are not entitled to attorney fees under subsection (d) and the court's dictum in awarding benefits under the common benefit theory is misplaced. The common benefit theory is designed to avoid unjust enrichment of beneficiaries to a law suit who are not named plaintiffs. An award of fees here would not compel the beneficiaries to compensate the winning litigant who acted as their representative, but would assess costs against the unrelated losing party. This, clearly, is inconsistent with the American rule and the common benefit exception.

## II. 42 U.S.C. § 1988.

Plaintiffs' second theory of recovery suggests that § 2412(b) adopts and applies 42 U.S.C. § 1988 to assess attorney fees against the United States in suits for civil rights violations.[2] Section 1988 provides for an award of attorney fees, at the court's discretion, for violation of federal law when the defendant acts under the color of state law. Plaintiff argues that § 1988 is incorporated into the EAJA for suits alleging violations of federally protected civil rights by officials acting under color of federal law.

Defendant argues that § 2412 was not intended to adopt attorney fee awards under § 1988 and that sovereign immunity bars such recovery. Generally, a waiver of sovereign immunity must be strictly con-

strued. *See Ruckelshaus v. Sierra Club*, —— U.S. ——, 103 S.Ct. 3274, 77 L.Ed.2d 938, 944 (1983). In this case, however, the explicit language of § 2412(b) provides for a waiver of sovereign immunity. More specifically, the legislative history indicates congressional intent to incorporate the fee shifting provisions of § 1988.

Defendant also argues, more pursuasively, that the EAJA does not incorporate awards of attorney fees for violations of civil rights as provided in § 1988. The language of § 2412(b) awarding fees "to the same extent as any other party would be liable ... under the terms of any statute providing for such fees ...," does not clearly adopt § 1988. Yet, the legislative history indicates Congress' intent that attorney fees may be awarded to litigants asserting civil rights claims against the United States.

First, the award of attorney fees in contexts where a state defendant would be liable for such costs is consistent with the purpose of the EAJA. The statute was designed to insure that individuals, such as the plaintiffs, would not be deterred from attempting to defend against unreasonable governmental actions because of the costs involved. The statute "reflects a strong movement ... toward placing the Federal Government and civil litigants on a completely equal footing." H.R.Rep. No. 96–1418 at 5–6, 9; 1980 U.S.Code Cong. & Ad.News, 4953, 4984, 4987. Congress sought to place the federal government in a position analogous to other litigants, including states, who violate civil rights.

Second, the specific language of the EAJA was modified before final passage to

**2.** In deciding the issue of § 1988 incorporation into the EAJA I am guided by the thorough opinions of Judge Tashima in *Lauritzen v. Secretary of the Navy*, 546 F.Supp. 1221 (C.D.Cal. 1982) and Judge Floyd R. Gibson in *Premachandra v. Mitts*, 727 F.2d 717 (8th Cir.1984). Both opinions found that § 1988 attorney fee awards are incorporated in subsection (b) of the EAJA as applied to the federal government. The Seventh Circuit has also analyzed the application of § 1988 to the EAJA. The court's analysis, however, is not particularly helpful as it simply rejects the claim for attorney fees as "too origi-

nal." *Saxner v. Benson*, 727 F.2d 669, 673 (7th Cir.1984). Similarly, three other District Courts have held that § 1988 awards of fees are applicable only to § 1983. They view the provision of § 2412(b) making the United States liable as any other party as inconsistent with the § 1983 requirement that violations be under color of state law. *United States v. Misc. Pornographic Magazines*, 541 F.Supp. 122, 127 (N.D.Ill.1982); *Venus v. Goodman*, 556 F.Supp. 514, 520–21 (W.D.Wis.1983); *Unification Church v. I.N.S.*, 574 F.Supp. 93, 96 (D.D.C.1983).

place the United States in the same position as all other parties to litigation, public or private. The statute thus places the federal government in a position similar to state governments. Senate Bill 265 originally provided that the United States would be liable to the same extent as any other "private party." After hearings on the bill the House Subcommittee on Courts, Civil Liberties and the Administration of Justice changed the language to its present form so that the United States would be liable under § 2412(b) to the same extent as "any other party," not just a "private party." [3] H.R.Rep. No. 96–1418 at 1, 4, 7; 1980 U.S. Code Cong. & Ad.News at 4986–7.

Finally, Congress clearly considered the application of § 1988 grants of attorney fees to the Federal government under § 2412(b). The House Subcommittee report states that the EAJA reflected the congressional objective to place the federal government and other civil litigants on an equal footing with regard to attorney fees. To that end, the legislative history specifically recognizes that the statute "clarifies the liability of the United States under such statutes as the Civil Rights Attorneys' Fees Awards Act of 1976 (42 U.S.C. § 1988)." H.R.Rep. No. 96–1418 at 9, 17; 1980 U.S.Code Cong. & Ad.News at 4987, 4996.

Section 1988 provides for the discretionary award of attorney fees in any action to enforce individual rights under 42 U.S.C. § 1983. Plaintiffs complaint alleged violations by the defendant of both the federal constitution and statutes. Traditional § 1983 claims allege such violations under the color of state law. But § 1988 as applied to the United States, under § 2412(b), allows for an award of attorney fees in suits which are based on contitutional or statutory violations under the color of federal law.

■ The granting of attorney fees under § 1988 is at the discretion of the trial court. *See Battle v. Anderson*, 614 F.2d 251, 258–9 (10th Cir.1980). Fees are, however, generally awarded to a prevailing plaintiff in a civil rights action "unless special circumstances would make such an award unjust." *Sethy v. Alameda City Water Dist.*, 602 F.2d 894, 897, (9th Cir. 1979) *cert. denied*, 444 U.S. 1046, 100 S.Ct. 734, 62 L.Ed.2d 731 (1980) (quoting the legislative history of § 1988). An award of attorney fees pursuant to § 1988, as incorporated in § 2412(b), is appropriate in this case.

Defendant argues that there is little substance to plaintiffs' constitutional claims. I need not address this question, however, because the Supreme Court has held that suits under § 1983 and subsequent awards of attorney fees under § 1988 are adequate if they are based upon violation of federal statutory rights. *Maine v. Thiboutot*, 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980). *See also Southeast Legal Defense Group v. Adams*, 657 F.2d 1118, 1123 (9th Cir.1981). Some courts have held that § 1983 claims for statutory violation are limited to statutory rights "akin to fundamental rights protected by the fourteenth amendment." *First National Bank of Omaha v. Marquette National Bank of Minneapolis*, 636 F.2d 195 (8th Cir.1980), *cert. denied*, 450 U.S. 1042, 101 S.Ct. 1761, 68 L.Ed.2d 240 (1981). A recision of existing disability benefits is sufficiently analagous to constitutional violations under the fourteenth and fifth amendments to fit within such a narrow interpretation of *Maine v. Thiboutot*. As such, an award of attorney fees pursuant to § 1988, as incorporated in the EAJA, is appropriate in this case.

*III. Amount Requested.*

I am guided by the opinions of the Supreme Court in *Blum v. Stenson*, —— U.S. ——, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984) and the Tenth Circuit in *Ramos v. Lamm*, 713 F.2d 546 (10th Cir.1983) in assessing

---

**3.** The final version of § 2412(b) is contrasted with S.B. 265 as of August 1979 as presented in *Award of Attorneys' Fees Against the Federal Government: Hearing on S.B. 265 Before the* *Subcommittee on Courts, Civil Liberties and the Administration of Justice of the House Judiciary Committee,* 96th Cong.2d Sess at 1, 3, 9 as cited in *Premachandra*, 727 F.2d at 728.

the appropriate level of attorney fees. Defendant has filed several objections to plaintiffs original application for attorney fees. In its supplemental and reply brief to the original fee request plaintiffs sought leave to confer with defendant on those objections. Given the length of time since the original fee application and in the interest of justice, I find that such conference would be prudent. Defendant and plaintiffs may confer on the appropriate level of fees to be awarded consistent with this opinion. The parties shall file a stipulation, which I will consider, by August 1, 1984. Should the parties not agree, plaintiffs may respond to defendant's original objections to the fee levels by August 1, 1984, and defendant may reply, without duplicating its prior analysis, within 10 days of receipt of plaintiffs' response.