**GREAT AMERICAN TOOL AND MFG. COMPANY, a dissolved Illinois corporation, and Felix A. Burrows, Jr., individually, Plaintiffs,**

v.

**ADOLPH COORS COMPANY, INC., a Colorado corporation, and Coors Brewing Company, Inc., a Colorado corporation, Defendants.**

Civ. A. No. 91–B–2057.

United States District Court,
D. Colorado.

Jan. 16, 1992.

representations by meeting these conditions, and that defendants failed to enter into the promised contract because of plaintiffs' race. Plaintiffs brought this action alleging § 1981 violation and promissory estoppel.

Barry J. Freeman, David J. Schwartz, Gottlieb & Schwartz, Chicago, Ill., Sheldon E. Friedman, Cortez Friedman & Coombe, P.C., Denver, Colo., for plaintiffs.

K. Preston Oade, Jr., Matthew S. McElhiney, Bradley, Campbell, Carney & Madsen, Golden, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Defendants move to (1) dismiss plaintiffs' claims under 42 U.S.C. § 1981 and Felix Burrows' individual claim under § 1981, and (2) consolidate this action with 91–B–1222. Plaintiffs move for leave to file an amended complaint. The issues are adequately briefed and oral argument will not materially assist their resolution. Because this case was filed after the enactment of the Civil Rights Act of 1991, defendants' motion to dismiss the § 1981 claim is denied. Further, Burrows has individual standing to assert a § 1981 claim and, therefore, defendants' motion to dismiss that claim is denied. Plaintiffs have not contested defendants' motion to consolidate and that motion is granted. Finally, in light of my denial of the dismissal motions, plaintiffs' motion to amend is moot and, thus, denied.

This action arises out of the alleged failure of defendants to enter into a contractual relationship with plaintiffs. Burrows is the president and sole shareholder of Great American Tool & Mfg. Co. (GAT). He is an African American. Plaintiffs allege that over a course of several years, defendants represented that they would purchase machine tools from plaintiffs if plaintiffs met certain conditions. Plaintiffs assert that they detrimentally relied on defendants'

## I.

■ Defendants move to dismiss plaintiffs' claims under § 1981, arguing that the Supreme Court's decision in *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), limiting § 1981 actions only to pre-contractual racial discrimination, bars this action. I disagree for two reasons.

First, the Civil Rights Act of 1991 effectively overrules *Patterson*. In section 101 of that Act, § 1981 is amended to include "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." Clearly, this language extends § 1981's scope to post-contract formation discrimination.

Defendants argue that my decision in *Hansel v. Public Service Co.*, 778 F.Supp. 1126 (1991), forecloses the application of the Act to this case. However, in *Hansel*, I only decided that the Act does not apply retroactively to "pending cases." This case was filed on November 25, 1991, four days *after* President Bush signed the Act. Because this case was not pending at the time the Act became law, there is no issue of retroactive application.

Nor does it matter that the alleged wrongful conduct here occurred before the enactment of the Act. *DeVargas v. Mason & Hanger–Silas Mason Co.*, 911 F.2d 1377 (10th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 799, 112 L.Ed.2d 860 (1991) addressed only whether a new statute would apply to a pending action. Indeed, section 402(a) of the Act states "this Act and the amendments made by this Act shall take effect upon enactment." The Act took effect on November 21, 1991 and, thus, it governs all actions filed after that date.

Moreover, plaintiffs allege in their complaint that defendants refused to enter into a promised contract because of racial animus. This allegation relates to pre-contractual discrimination and it would not have been barred under *Patterson* regardless of the applicability of the Civil Rights Act.

## II.

Defendants also move to dismiss Burrows' individual claim under § 1981, asserting that the claim belongs to the corporation and, therefore, he lacks standing. Again, I disagree.

In *Rosales v. AT & T Information Systems, Inc.*, 702 F.Supp. 1489 (D.Colo.1988), the court faced the exact question presented here. There, plaintiffs were a corporation and the sole shareholder and president of that corporation, who was Mexican–American. Those plaintiffs alleged that defendant failed to award it a contract because of racial animus. The court held that the corporation could assert a § 1981 claim because the president and sole shareholder's race stamped it with a "minority racial identity." *Id.* at 1494. Accepting as true plaintiffs' allegation that the corporation's contract application was denied because of Rosales' race, the court then held Rosales had standing, saying "if [the corporation] has a racial identity based on Rosales' race then Rosales' § 1981 claim would effectively merge with [the corporation's] § 1981 claim." *Id.* at 1497–8. *See also, Howard Security Services, Inc. v. Johns Hopkins Hospital*, 516 F.Supp. 508, 513 (D.Md.1981).

Likewise here, plaintiffs allege that GAT had a minority racial identity solely because of Burrows, its president and sole shareholder. Thus, both GAT's and Burrows' § 1981 claims stem from the same source—defendants' animus to Burrows' race. *Rosales*, 702 F.Supp. at 1497, ("This court is unaware of any authority suggesting that a person who lawfully invokes the incorporation laws thereby forfeits his rights under § 1981"). Therefore, the corporate and the individual claims effectively merge and the motion to dismiss is denied.

## III.

Defendants also move to consolidate this action with 91–B–1222. Plaintiffs have not responded to this motion.

In 91–B–1222, Coors alleges that GAT breached a loan contract that arose in the same course of conduct that is at issue here. Since the same course of conduct produced both lawsuits, there will be common questions of fact. Moreover, with the addition of Burrows individually in this suit, both actions involve the same parties. Therefore, under Fed.R.Civ.P. 42(a) these two actions are consolidated for all purposes. Pursuant to Local Rule 203, all further filings in these actions shall be filed under the older case number, 91–B–1222.

## IV.

Plaintiffs move for leave to file an amended complaint. The proposed amendment splits the § 1981 count into two counts in an apparent attempt to state a claim that does not rely on the Civil Rights Act's modification of *Patterson*. In light of my ruling above that the Act applies to this action, the reasoning behind plaintiffs' motion is moot. Therefore, the motion is denied.

Accordingly, IT IS ORDERED THAT:

(1) Defendants' motion to dismiss the § 1981 claims is DENIED;

(2) Defendants' motion to dismiss Burrows' individual § 1981 claim is DENIED;

(3) Defendants' motion to consolidate this case with 91–B–1222 is GRANTED; and,

(4) Plaintiffs' motion to amend is DENIED.