Kathryn E. Miller, Littleton, Colo., for defendants.

**Velveta GOLIGHTLY–HOWELL, Plaintiff,**

v.

**OIL, CHEMICAL AND ATOMIC WORKERS INTERNATIONAL UNION, et al., Defendants.**

Civ. A. No. 91–C–517.

United States District Court, D. Colorado.

Feb. 3, 1992.

## MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

Plaintiff Velveta Golightly–Howell commenced this action seeking damages, declaratory and injunctive relief under 42 U.S.C. § 1981 and Title VII, 42 U.S.C. § 2000e *et seq.* Defendants are the Oil, Chemical and Atomic Workers International Union (OCAW); the AFL–CIO; Joseph Misbrener, OCAW's president; and Dean Alexander, Misbrener's assistant. In an order dated August 1, 1991, I dismissed the plaintiff's § 1981 claim concluding that the United States Supreme Court ruling in *Patterson v. McLean Credit Union,* 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), and its progeny precluded that claim.

On November 21, 1991, President Bush signed into law the Civil Rights Act of 1991 (the Act) which, *inter alia,* essentially overruled *Patterson.* It did not, however, expressly declare whether it resuscitated claims previously filed and dismissed because of the rule laid down in *Patterson.* Currently pending is the plaintiff's motion for reconsideration of my order dismissing

her § 1981 claim. Defendant OCAW opposes the plaintiff's motion.

The parties have fully briefed the matter and oral argument would not materially facilitate decision. Jurisdiction exists under 28 U.S.C. §§ 1331, 1334(4) and 42 U.S.C. § 2000e–5(f).

■ The issue is whether the Act applies retroactively to revive the plaintiff's § 1981 claim. Tenth Circuit precedent requires that a statute may only be applied retroactively where there is clear congressional intent that it so apply. *DeVargas v. Mason & Hangar–Silas Mason Co., Inc.*, 911 F.2d 1377, 1390 (10th Cir.1990) (adopting *Bowen v. Georgetown University Hospital*, 488 U.S. 204, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988)); *see also Kaiser Aluminum & Chemical Corp. v. Bonjorno*, 494 U.S. 827, 110 S.Ct. 1570, 108 L.Ed.2d 842 (1990) (clear congressional intent governs). Accordingly, I must first review the language of the Act in an effort to determine congressional intent. Only if that review indicates that the intent is unclear, may I consider the Act's legislative history. *DeVargas*, 911 F.2d at 1384–90.

■ Section 402(a) of the Act provides that "[e]xcept as otherwise provided, this Act ... shall take effect upon enactment." Although two provisions of the Act specifically mention pre-Act conduct,[1] the Act's language does not clearly indicate Congress' intent that the remainder of the Act apply retroactively. Rather, a consideration of the Act's specific language reveals a complete lack of clarity and decisiveness regarding retroactivity. I therefore turn to the Act's legislative history.

A review of the legislative history indicates that members of Congress disagreed whether the Act should be retroactively applied. Senator Kennedy and the Democrats of both houses of Congress expressed their intent that the Act apply retroactively. However, Senator Danforth, who co-sponsored the bill with Senator Kennedy, and the Republicans of both houses, expressed their intent that the Act not be retroactive. *See* 137 Cong.Rec. S15483 and S15485 (daily ed. Oct. 30, 1991); 137 Cong. Rec. H9530–31 and H9548–9 (daily ed. Nov. 7, 1991).

Thus, congressional intent on the retroactivity issue is clouded. All that is clear is that individual members of Congress strongly disagreed among themselves. There is no indication either in the Act or its legislative history that Congress clearly intended the Act to apply retroactively.

Courts too have split on the retroactivity issue. At least six United States District Courts, including the District of Colorado, have addressed the question. *See Burchfield v. Derwinski*, 782 F.Supp. 532 (D.Colo.1992) (denied retroactivity only to cases pending prior to enactment of Act); *Ellwanger v. MTI Systems Corp.*, No. 90–M–1049, bench ruling (D.Colo. Dec. 27, 1991); *Van Meter v. Barr*, 778 F.Supp. 83 (D.D.C.1991); *Hansel v. Public Service Company of Colorado*, 778 F.Supp. 1126 (D.Colo.1991); *James v. American International Recovery, Inc.*, 1991 WL 281734 (N.D.Ga. Dec. 3, 1991) (all denying retroactive application). *See also Great American Tool & Mfg. Co. v. Coors*, 780 F.Supp. 1354, 1355–56 (D.Colo.1992) (reaffirming *Hansel*). *But see, King v. Shelby Medical Center*, 779 F.Supp. 157 (N.D.Ala.1991); *La Cour v. Harris County*, No. H–89–1532, slip op., 1991 WL 321020 (S.D.Tex. Dec. 6, 1991); *Mojica v. Gannet Co.*, 779 F.Supp. 94 (N.D.Ill.1991) (all ruling in favor of retroactivity).

■ On December 27, 1991 the EEOC issued a policy guideline on application of the Act's damages provision to pending charges and pre-Act conduct. EEOC Policy Statement, Notice # 915.002 (Dec. 27, 1991).

---

1. First, § 109(c) provides that the amendments made by that section (extending Title VII protection to U.S. citizens working for American companies abroad) shall not be applied retroactively. Second, § 402(b) provides that "[n]otwithstanding other provisions of this Act, nothing in this Act shall apply to any disparate impact case for which a complaint was filed before March 1, 1975 and for which an initial decision was rendered after October 30, 1983."

As a general proposition:

"rulings, interpretations and opinions of the [EEOC], while not controlling upon the courts by reason of their authority, do constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance. The weight of such a judgment in a particular case will depend upon the thoroughness evident in its consideration, the validity of its reasoning ... and all those factors which give it power to persuade, if lacking power to control." *General Electric Co. v. Gilbert,* 429 U.S. 125, 141–2, 97 S.Ct. 401, 410–11, 50 L.Ed.2d 343 (1976) *(citing Skidmore v. Swift & Co.,* 323 U.S. 134, 140, 65 S.Ct. 161, 164, 89 L.Ed. 124 (1944)).

However, it would be inappropriate to defer to administrative construction if there were "compelling indications that it was wrong." *Espinoza v. Farah Mfg. Co.,* 414 U.S. 86, 95, 94 S.Ct. 334, 339, 38 L.Ed.2d 287 (1973). Thus, deference to the EEOC's ruling would not be appropriate if it appeared to be "inconsistent with an obvious congressional intent." *Id.* at 94, 94 S.Ct. at 339.

After review of the Act and its history, the EEOC concluded that it would not seek retroactive application to pre-Act conduct that allegedly violated § 1981. EEOC Policy Statement at 7–8. That conclusion, while not controlling here, must be accorded some deference.

In summary, I conclude that the Act cannot be applied retroactively. Accordingly, IT IS ORDERED that the plaintiff's motion to reconsider dismissal of her claim under 42 U.S.C. § 1981 is denied.