985 F.2d 571
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joan DANIELSON, Plaintiff-Appellant,
v.
INTERNAL REVENUE SERVICE, Defendant-Appellee.
Joan DANIELSON, Plaintiff-Appellant,
v.
UNITED STATES of America, Nicholas F. Brady, Secretary of
the Treasury, Internal Revenue Service, Equal Employment
Opportunity Commission, Jo Anne Young, Chester F. Relyea,
Gwendolyn Wells, Bonnie Miller, Theron Gray, Maritza
Illario, Defendants-Appellees.
 Nos. 90-15804, 91-15607.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 13, 1993.
Decided Jan. 25, 1993.
As Amended on Denial of Rehearing March ,1 1993.
 
 Before ALDISERT,* GOODWIN and FLETCHER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In consolidated matters, Joan Danielson ("Danielson") appeals pro se two orders of the district court which effectively dismiss with prejudice her claims of employment and age discrimination under Title VII and the Age Discrimination in Employment Act ("ADEA"), and various due process claims. We vacate and remand.
 
 I.
 
 3
 In August 1987, Danielson submitted a written job application with the Internal Revenue Service ("IRS") in response to a newspaper announcement seeking applicants for the position of Internal Revenue agent. In the application, Danielson stated she was 57 years old and revealed that she had been fired by her former employer, Bank of America, and had filed an employment discrimination action against them. Danielson was interviewed by two IRS agents, but informed a few days later that she would not be hired. About one month later, Danielson filed a complaint with the regional EEO Office of the Treasury. JoAnne Young, Director of the Regional Complaint Center, agreed to investigate the complaint. This investigation, however, led to a proposed disposition finding that Danielson's allegations were unsupported.
 
 
 4
 Danielson subsequently requested review by the EEOC. A hearing was held before Administrative Law Judge ("ALJ") Chester Relyea who recommended a finding of no discrimination. Gwendolyn Wells, Director of the EEO Office of the Treasury, adopted the ALJ's finding of no discrimination.
 
 
 5
 On January 6, 1989, Danielson filed with the district court a complaint against the IRS under Title VII claiming that her failure to be hired was the result of age or sex discrimination, or reprisal based on her previous filing of an employment discrimination action against her former employer. The district court denied Danielson's motions for leave to proceed in forma pauperis and for appointment of counsel. The record reveals that Danielson never served the complaint nor took any action to prosecute her case for over one year. The district court subsequently dismissed the action with prejudice sua sponte for failure to prosecute.
 
 
 6
 Approximately three months later, Danielson filed a second complaint, this time asserting only age discrimination and due process claims, but also naming all of the individuals she encountered in either her IRS job interview or the EEO and EEOC proceedings. This second complaint was reassigned to Judge Vucasin, the same judge who presided over her first complaint, who then granted defendants' motions to dismiss and/or for summary judgment.
 
 
 7
 Timely notices of appeal were filed in both matters, and the two appeals were consolidated without opposition.
 
 II.
 
 8
 Danielson first argues that the district court erred in dismissing her first complaint for failure to prosecute. "The district court has the inherent power sua sponte to dismiss a case for lack of prosecution," and this court will "reverse such a dismissal only upon a finding of an abuse of discretion." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986). We vacate and remand, because the record does not disclose whether the district court considered alternative sanctions or gave Danielson advance notice of the possibility of dismissal.
 
 
 9
 In dismissing Danielson's first complaint, the district court noted that she had taken no action on the matter for well over a year and had never even served the defendants. The district court relied upon Northern District of California Local Rule 235-10, which permits a court to dismiss an action for failure to prosecute and specifically provides that "failure by plaintiff to take action for four months shall be presumptive evidence of lack of prosecution." Danielson's delay of over one year certainly triggers this presumption, and she fails to provide a sufficient explanation for her delay. Danielson attempts to explain her inaction by citing her personal belief that the district court had prejudged her case, her intention to attempt to have the case transferred to another judge or district, her intention to amend her complaint to correct any deficiencies therein, and her own unfamiliarity with the federal rules of civil procedure. None of these explanations rebuts the presumption of lack of prosecution. While "[a] dismissal for lack of prosecution must be supported by a showing of unreasonable delay," Henderson, 779 F.2d at 1423, Danielson's delay here of over one year was certainly unreasonable.
 
 
 10
 Additionally, Rule 4 of the Federal Rules of Civil Procedure provides that the plaintiff is "responsible for prompt service of the summons and a copy of the complaint" to the defendants. Fed.R.Civ.P. 4(a). Rule 4(j) mandates dismissal without prejudice if service is not made within 120 days unless the plaintiff can demonstrate "good cause." Fed.R.Civ.P. 4(j). In explaining her delay, Danielson contends:
 
 
 11
 Delay in service of the defendant was caused by fear of doing the wrong thing in view of the apparent hostility of the court, uncertainty of how to proceed, lack of assistance in view of the court's refusal to appoint counsel, and belief that [I] had ample time. There was no deliberate diliatoriness [sic], but justifiable hesitation, though admittedly of too long a duration.
 
 
 12
 Although Danielson's attempted justification for her delay is insufficient to establish the necessary "good cause," a Rule 4(j) violation leads only to dismissal without prejudice under the federal Rules.
 
 
 13
 On the basis of the sparse record before us, we are unable to determine whether the district court followed the procedures mandated by our case law before dismissing the complaint with prejudice. We require that the court consider "the availability of less drastic sanctions." Henderson, 779 F.2d at 1423. Here, the record does not disclose whether the district court conducted a " 'reasonable exploration of possible and meaningful alternatives.' " Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir.1991) (quoting Anderson v. Air West, Inc., 542 F.2d 522, 525 (9th Cir.1976)); see also Johnson v. United States Dep't of Treasury, 939 F.2d 820, 825-26 (9th Cir.1991) (reversal of district court's dismissal for failure to prosecute where "the district court did not employ or threaten to employ any lesser alternative sanctions against Johnson before resorting to the dismissal sanction.").
 
 
 14
 The record also does not indicate whether the court gave advance notice of dismissal, see Morris, 942 F.2d at 652 (express warning regarding possibility of dismissal may be required "when dismissal is undertaken by the court, sua sponte"); Hamilton v. Neptune Orient Lines, Ltd., 811 F.2d 498, 500 (9th Cir.1987) (district court has "obligation to warn the plaintiff that dismissal is imminent"), or whether the court was relying on Carey v. King, 856 F.2d 1439, 1441 (9th Cir.1988) (per curiam) (local rule on which district court relied to dismiss for lack of prosecution provided sufficient notice to pro se litigant that dismissal was imminent).
 
 
 15
 We therefore vacate the judgment and remand to the district court to establish a proper record.
 
 III.
 
 16
 Danielson further challenges the district court's dismissal of her second complaint. In granting defendants' motions to dismiss, the district court held that Danielson had failed to state a claim for which relief can be granted against the EEOC and ALJ Relyea. As to the remaining defendants, the court relied on the res judicata effect of its dismissal with prejudice of Danielson's first complaint, which the court found substantially identical to her second complaint.
 
 
 17
 In reviewing the decision of the district court, we may affirm on any ground supported by the record. United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992). The district court's dismissal for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure and on res judicata grounds are both questions of law that we review de novo. Oscar v. University Students Co-Operative Ass'n, 965 F.2d 783, 785 (9th Cir.1992) (en banc) (failure to state a claim), cert. denied, 61 U.S.L.W. 3418 (U.S.1992) (Nos. 92-385, 92-561); E. & J. Gallo Winery v. Gallo Cattle Co., 967 F.2d 1280, 1287 (9th Cir.1992) (res judicata).
 
 
 18
 First, we find no error in the district court's dismissal of the EEOC and ALJ Relyea. The ADEA contains no express or implied right of action against the EEOC or its employees for alleged deficiencies in the administrative processing of a complaint of age discrimination allegedly committed by another agency. See, e.g., Goylar v. McCausland, 738 F.Supp. 1090, 1093-94 (W.D.Mich.1990); Svenson v. Thomas, 607 F.Supp. 1004, 1006 (D.D.C.1990); Sterling v. Lehman, 574 F.Supp. 415, 417 (N.D.Cal.1983). Lack of subject matter jurisdiction provides an additional ground for dismissal of the EEOC defendants. See Goylar v. McCausland, 738 F.Supp. at 1094-95 n. 8 (finding lack of subject matter jurisdiction to be additional ground for dismissal of claims of alleged processing deficiencies against EEOC). Danielson's broad due process arguments and unspecified conspiracy claims were also properly dismissed by the district court. See Francis-Sobel v. University of Maine, 597 F.2d 15, 17-18 (1st Cir.), cert. denied, 444 U.S. 949 (1979) (because EEOC's determination is non-binding and non-final, there is no implication of the Due Process Clause even if the procedures the EEOC employed were otherwise deficient); Woodrum v. Woodward County, 866 F.2d 1121, 1126-27 (9th Cir.1989) (upholding dismissal of conspiracy claim for failure to state a claim due to insufficient factual allegations).
 
 
 19
 But as to the remaining defendants, the district court's reliance on the res judicata effect of its prior dismissal with prejudice is no longer tenable given our decision to remand. We remand to the district court for further proceedings consistent with this memorandum. Finally, the proper party to Danielson's claim on remand is the Secretary of the Treasury. See Romain v. Shear, 799 F.2d 1416, 1418 (9th Cir.1986), cert. denied, 481 U.S. 1050 (1987). Nevertheless, we do not dismiss those defendants acting under color of their authority as federal officials against whom Danielson may assert a claim under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).
 
 
 20
 VACATED AND REMANDED.
 
 
 
 *
 Honorable Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3