**Edward F. CRAIG, Jr., Plaintiff,**

v.

**Hazel O'LEARY, Secretary, United States Department of Energy, Defendant.**

**Civ. A. No. 93–K–1828.**

United States District Court,
D. Colorado.

Dec. 14, 1994.

---

Curtis V. Smith, Gemma & Smith, P.C., Littleton, CO, for plaintiff.

Henry L. Solano, U.S. Atty. and J. Benedict Garcia, Asst. U.S. Atty., Denver, CO, for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

In this Title VII and ADEA employment discrimination action Defendant opposes Plaintiff's "Demand for Jury Trial, Liquidated Damages, Compensatory Damages, and Attorney Fees." Defendant contends Plaintiff Craig is not entitled to such relief because he is a federal employee and because his claims are based on facts or events occurring before enactment of the 1991 Civil Rights Act. Craig concedes as a federal employee he is not entitled to a jury trial, liquidated damages, or compensatory damages under the ADEA. He maintains, however, he is entitled under the ADEA to seek recovery of his attorney fees. Craig denies he is precluded from seeking compensatory damages under Title VII, and, as a result, asserts he is entitled to a jury trial.

After reviewing the parties' briefs and hearing oral argument on the issues raised, I find Craig is entitled to seek compensatory damages against Defendant and is therefore entitled to a jury trial on his Title VII retaliation claim. I also uphold Craig's right to claim attorney fees under the ADEA.

### I. *Facts*

Plaintiff Edward F. Craig, Jr. claims he was the victim of unlawful retaliation based on his age and sex after he filed EEO complaints against his employer, the Department of Energy's Western Area Power Administration (WAPA), and claims this retaliatory conduct is continuing. Craig seeks a retroactive promotion to a GM–14 position effective August 8, 1988 and back pay from that date to the present.

### II. *Merits*

A. *The Availability of Attorney Fees Under the ADEA.*

Generally, "the threshold issue in any award of attorney fees ... is a determination that the claiming party has prevailed on the merits." *Trujillo v. Heckler*, 587 F.Supp. 928, 929 (D.Colo.1984) (construing civil rights

attorney fee statute at 42 U.S.C. § 1988). Here, however, I am concerned only with determining the availability of attorney fees under the Age Discrimination in Employment Act (ADEA), not awarding them. While Craig may not succeed on his ADEA claim, he must keep records during the litigation to support a claim for attorney fees if he succeeds. Likewise, the government needs to be aware of the contingency so as to conduct its case with efficiency and determine exposure values for possible settlement.

■ The issue raised is a question of first impression in this circuit. The ADEA incorporates § 216(b) of the Fair Labor Standards Act (FLSA), which expressly permits claimants in the private sector to recover attorney fees against their employers. *See* 29 U.S.C. § 626(b). Although Congress subjected government employees to the Act in 1974, it did not expressly apply § 216 to the public sector. *Id.* at § 633a(c). Relying on this omission and the Supreme Court's characterization of § 633a(c) as " 'self contained and unaffected by other sections [of the ADEA],' " [1] the Second Circuit has concluded the United States has not waived its sovereign immunity against liability for attorney fees under the ADEA. *Lewis v. Federal Prison Industries, Inc.,* 953 F.2d 1277, 1281–82 (2d Cir.1992) (quoting *Lehman v. Nakshian,* 453 U.S. 156, 101 S.Ct. 2698, 2705, 69 L.Ed.2d 548 (1981)). *See Palmer v. General Services Admin.,* 787 F.2d 300, 302 (8th Cir. 1982) (citing *Lehman* to support denial of attorney fees incurred in pursuit of ADEA claim at administrative level).

Other courts have disagreed, however. *See Klein v. Secretary of Transportation,* 807 F.Supp. 1517, 1526 (D.Wash.1992); *Lowenstein v. Baldridge,* 38 Fair Emp.Prac.Cas.

466, 468–69 (D.D.C.1985); *Krodel v. Young,* 576 F.Supp. 390, 394–95 (D.D.C.1983); *Sterling v. Lehman,* 574 F.Supp. 415, 417 (D.Cal. 1983); *DeFries v. Haarhues,* 488 F.Supp. 1037, 1044–45 (D.Ill.1980). These courts looked to the language and legislative history of ADEA § 633a(c) to find an "express" intent on the part of Congress to waive sovereign immunity for fees. [2]

Section 633a(c) specifically requires federal courts to provide such relief to federal employees "as will effectuate the purposes" of the ADEA. Given the ADEA's stated purpose to "make whole" victims of discrimination, the *Krodel* court found a result that made private sector plaintiffs whole but public sector plaintiffs less than whole "anomalous" and unsupported by the "language, history or structure" of the ADEA. *Id.; Palmer,* 787 F.2d at 303 (Heaney, J. dissenting). *See Sterling,* 574 F.Supp. at 417 (in light of ADEA's "make whole" purpose, award of attorney fees to federal employee "effectuates purpose" of the ADEA as contemplated by § 633a(c)); *DeFries,* 488 F.Supp. at 1044–45 (same). The court thus concluded that § 633a(c) contains "an express and unequivocal waiver of sovereign immunity by the United States with regard to age discrimination claims," including, in the proper case, liability for attorney fees. *Krodel,* 576 F.Supp. at 394–95 (citing *Copeland v. Marshall,* 641 F.2d 880, 895 (D.C.Cir.1980) (*en banc* ) ("we do not think that the incentive for the government to refrain from discrimination should be any less than for private employers")).

Neither *Lewis* nor *Palmer* discusses the *Krodel/DeFries* line of cases.[3] Nor do they address the impact, if any, of the Equal Access to Justice Act (EAJA), 28 U.S.C.

---

**1.** I note that in making this statement, the Supreme Court was addressing only the right to a jury trial, a procedural matter under *Byrd v. Blue Ridge Rural Elec. Co-op,* 356 U.S. 525, 536, 78 S.Ct. 893, 900, 2 L.Ed.2d 953 (1958), and not the right to obtain fees and other equitable relief under the ADEA, which is a substantive matter.

**2.** Two circuit courts have also authorized attorney fees in this context, but did so without discussion. *Smith v. Office of Personnel Management,* 778 F.2d 258, 264 (5th Cir.1985); *Johnson v. Lehman,* 679 F.2d 918, 919 (D.C.Cir.1982).

**3.** Instead, the *Lewis* court adopted the analysis from an earlier District of Columbia decision holding attorney fees were not permitted under § 633a because that section did not explicitly waive the government's sovereign immunity. *Muth v. Marsh,* 525 F.Supp. 604, 608 (D.D.C. 1981). At the time *Lewis* was decided, *Krodel* and *Lowenstein,* not *Muth,* set forth the position of the District of Columbia district court.

§ 2412, on their conclusion that the United States has not expressly waived its immunity for attorney fees under the ADEA. Under Tenth Circuit law, the EAJA may constitute an independent waiver of sovereign immunity with respect to attorney fees under § 633a(c).

The EAJA states the United States may be liable for attorney fees "to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award." 28 U.S.C. § 2412(b). The ADEA specifically provides for such an award against private employers. The Tenth Circuit acknowledges consent to liability for attorney fees by the United States requires an explicit statutory waiver, but has determined the EAJA may constitute such a waiver. *See Adamson v. Bowen,* 855 F.2d 668, 670–71 (10th Cir.1988) (EAJA "expressly waives" sovereign immunity as to Rule 11 and discovery sanctions, including attorney fees). *C.f. In re Graham,* 981 F.2d 1135, 1139 (10th Cir.1992) (finding 26 U.S.C. § 7430 governs attorney fee awards against the Internal Revenue Service and holding neither § 7430 nor Rule 11 applies in bankruptcy proceedings so as to waive the IRS's sovereign immunity from fees in that context).

▪In *Adamson,* the Tenth Circuit found an "express waiver" of immunity for attorney fees in Fed.R.Civ.P. 11 notwithstanding the fact the EAJA itself makes no mention of Rule 11. Instead, the Tenth Circuit looked to the legislative history of the EAJA to conclude it incorporated the sanctions provisions of the Federal Rules of Civil Procedure because Congress intended "the United States should be liable for fees the same as other parties when it abuses discovery." 855 F.2d at 671 (citation to House Report omitted). Similarly, I have looked to the legislative history of the EAJA to conclude it incorporates the fee shifting provisions of the civil rights attorney fee statute at 42 U.S.C. § 1988. *Trujillo,* 587 F.Supp. at 931 (citations omitted) (noting Congress's express intent to " 'place[ ] the federal government and civil litigants on a completely equal footing' " so that federal employees would not be "de-

terred from attempting to defend against unreasonable governmental actions").

Thus, there are two theories under which I conclude the United States has waived sovereign immunity for attorney fees under the ADEA. The first, applied in the *Krodel* line of cases, is a determination that § 633a(c) is itself an "express waiver" of governmental immunity for fees. The second, set forth in *Adamson* and applied in *Trujillo,* is a determination that Congress, by enacting the EAJA to place the United States on "equal footing" with private litigants when defending against civil rights claims, expressly waived governmental immunity for attorney fees under the ADEA.

B. *Craig's Entitlement to Seek Compensatory Damages and Right to Jury Trial on his Title VII Retaliation Claim.*

▪ Defendant asserts Craig is entitled to neither compensatory damages nor a jury trial on his Title VII retaliation claim because it arises out of events occurring before enactment of the 1991 Civil Rights Act. I disagree. The cases upon which Defendant relies—*Simons v. Southwest Petro-Chem, Inc.,* 28 F.3d 1029 (10th Cir.1994); *Rivers v. Roadway Express, Inc.,* —— U.S. ——, 114 S.Ct. 1510, 128 L.Ed.2d 274 (1994), and *Landgraf v. USI Film Prods.,* —— U.S. ——, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994)— involved employment discrimination actions already pending at the time the 1991 Act went into effect. In actions like the present one filed *after* November 21, 1991, the remedies permitted under the 1991 Act apply regardless of when the conduct giving rise to them occurred. *Malone v. Signal Processing Technologies, Inc.,* 826 F.Supp. 370 (D.Colo.1993); *Great American Tool & Mfg. Co. v. Adolph Coors, Co., Inc.,* 780 F.Supp. 1354 (D.Colo.1992).

▪ I conclude Craig is entitled to seek compensatory damages as part of his Title VII retaliation claim and rule he is therefore entitled to a jury trial. *See Landgraf,* 128 L.Ed.2d at 262 (the right to jury trial stands or falls with the availability of compensatory damages under the 1991 Civil Rights Act). Defendant's request for an order denying

Craig's jury demand and preventing Craig from seeking compensatory damages under his Title VII retaliation claim is therefore DENIED.