**Ronald L. SENA, Plaintiff,**

v.

**DENVER SCHOOL DISTRICT NO. 1, Defendant.**

Civ. A. No. 94-D-1090.

United States District Court, D. Colorado.

Oct. 20, 1995.

Mark S. Bove, Mark S. Bove, P.C., Denver, CO, for Plaintiff.

Michael H. Jackson, Franklin A. Nachman, Semple & Jackson, Denver, CO, for Defendant.

## MEMORANDUM OPINION AND ORDER

DANIEL, District Judge.

Plaintiff Ronald L. Sena ("Plaintiff") brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e *et seq.*, alleging that his employment was terminated by Defendant Denver School District No. 1 ("Defendant") on account of his race and ethnic origin. Plaintiff seeks equitable and compensatory damages and demands a jury trial in the complaint. Defendant has moved to strike the jury demand and request for compensatory damages claiming that, as a matter of law, Plaintiff is not entitled to such relief because the facts which form the basis for the complaint took place prior to the effective date of the Civil Rights Act of 1991.

## I. INTRODUCTION

Plaintiff's complaint alleges that he was suspended from his employment by Defendant on February 14, 1991, that his salary was terminated on or about July 18, 1991, and that Defendant terminated his employment on or about September 19, 1991. On or about December 17, 1991, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a reasonable cause determination on the charge on March 8, 1993, and the U.S. Department of Justice issued its right to sue notice to Plaintiff on or about March 25, 1994. This case was commenced on May 6, 1994.

The Civil Rights Act of 1991 was enacted on November 21, 1991. Prior to that date, plaintiffs in Title VII cases could only obtain equitable remedies such as back pay and reinstatement. Following the effective date of the 1991 Act, plaintiffs became entitled to obtain not only appropriate equitable relief, but also compensatory damages for "future pecuniary losses, emotional pain, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses...." 42 U.S.C. § 1981a(b)(3). Also, after the effective date of the Act, plaintiffs in Title VII cases became entitled to demand a trial by jury with regard to claims for compensatory or punitive damages. 42 U.S.C. § 1981a(c)(1). Thus, the Civil Rights Act of 1991, *inter alia*, provided plaintiffs with a broad range of expanded remedies.

## II. DISCUSSION

Defendant's Motion to Strike Jury Demand and Request for Compensatory Damages relies primarily on the Supreme Court decision in *Landgraf v. USI Film Products,* —— U.S. ——, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994), as well as decisions from this and other district and circuit courts. Plaintiff, in his response to the motion, attempts to distinguish *Landgraf,* arguing that it is not dispositive of the issues raised in the motion, and places reliance on reported and unreported decisions from judges of this Court and other courts.

I find that *Landgraf* is dispositive of this matter. The Supreme Court in that case conducted a detailed analysis of the statute and whether it should be applied retroactively. Justice Stevens, writing the opinion for the court, disapproved of retroactively applying new laws to "conduct that occurred at an earlier date." —— U.S. at ——, 114 S.Ct. at 1493. Moreover, he strongly affirmed the "traditional presumption against applying statutes affecting substantive rights, liabilities, or duties to conduct arising before their enactment." *Id.* at ——, 114 S.Ct. at 1504. Justice Stevens stressed that persons should be governed by the law in effect at the time at which they act. *Id.* at ——, 114 S.Ct. at 1507.

Applying these principals to the compensatory damages remedy afforded by the 1991 Act, the Supreme Court noted that, if the damages remedy was applied to discriminatory conduct occurring before the Act, it "would attach an important new burden to that conduct." —— U.S. at ——, 114 S.Ct. at 1505. The Supreme Court further explained:

In cases like this one, in which prior law afforded no relief, § 102 can be seen as creating a new cause of action, and its impact on parties' rights is especially pronounced. Section 102 confers a new right

to monetary relief on persons like petitioner who were victims of a hostile work environment but were not constructively discharged, and the novel prospect of damages liability for their employers.... Neither in *Bradley* itself, nor in any case before or since in which Congress had not clearly spoken, have we read a statute substantially increasing the monetary liability of a private party to apply to conduct occurring before the statute's enactment. *Id.* at ——, 114 S.Ct. at 1506, citing *Bradley v. Richmond School Bd.*, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974). Accordingly, the Supreme Court held that the compensatory damages remedy in the Civil Rights Act of 1991 does not apply to discriminatory events occurring before its effective date. *Id.* at ——, 114 S.Ct. at 1506.

The Supreme Court in *Landgraf* also considered retroactivity of the jury trial remedy in the 1991 Act. The Court held that, because a jury trial is available only if the plaintiff seeks compensatory or punitive damages, the right to a jury trial "must stand or fall with the attached damages provisions." Thus, if the damages remedy is not available to a plaintiff because the events which gave rise to the cause of action occurred before November 21, 1991, a jury trial is also not available. *Id.* at ——, 114 S.Ct. at 1505.

Plaintiff argues, however, that since certain events alleged in the complaint occurred after the Act's effective date, and since the case was also filed after the Act's effective date, Plaintiff should be allowed to pursue the Act's remedies for damages and a jury. Plaintiff relies primarily on *Malone v. Signal Processing Technologies, Inc.*, 826 F.Supp. 370 (D.Colo.1993); *Great American Tool and Mfg. Co. v. Adolph Coors, Co.*, 780 F.Supp. 1354 (D.Colo.1992); and *Craig v. O'Leary*, 870 F.Supp. 1007 (D.Colo.1994). I disagree.

First, with respect to the factual allegations of the complaint, it is true that certain events occurred after November 21, 1991;

namely, the charge filed with the EEOC and the Department of Justice's right to sue notice to Plaintiff. However, the events which underlie the discrimination claim, Plaintiff's suspension and termination from his job, occurred before the Act's effective date, as in *Landgraf*. Therefore, I conclude that the Supreme Court's decision in *Landgraf* controls.[1]

With respect to the cases relied upon by Plaintiff that were issued by this Court, two of the cases, *Malone* and *Great American*, were decided prior to the Supreme Court's decision in *Landgraf* which this Court believes is dispositive. Judge Kane of this Court issued his opinion in *Craig v. O'Leary*, however, after issuance of the *Landgraf* opinion. In *Craig*, Judge Kane determined that the plaintiff was entitled to seek compensatory damages and a jury trial, even though the complaint arose out of events occurring before the 1991 Act's effective date. Judge Kane based this holding on the fact that the action was filed after the effective date. 870 F.Supp. at 1010–11. Again, I believe that *Landgraf* requires a different conclusion. The Supreme Court was clear in stating that, if the events which gave rise to the discrimination occurred before the effective date of the Act, the compensatory damages and jury provisions of the 1991 Act are not available.

## III. CONCLUSION

Accordingly, Defendant's motion to strike jury demand is GRANTED. Further, Defendant's motion to strike Plaintiff's request for compensatory damages is GRANTED to the extent that Plaintiff seeks damages allowed by the Civil Rights Act of 1991.

---

**1.** Plaintiff argues that *Landgraf* is not controlling because the only issue before the court was whether the Act would be retroactively applied to cases pending at the time of its enactment. Although that was the issue before the Supreme Court, I find that the Court's holding is nevertheless applicable to this case. The dispositive factor the court looked to in its holding was whether the events which form the basis for the complaint occurred before the effective date of the 1991 Act, not whether the case was pending as of that date.