**Robert J. NOWD, Plaintiff, Appellant,**

**v.**

**Robert RUBIN, Secretary, Department of Treasury, Defendant, Appellee.**

**No. 95–1796.**

United States Court of Appeals, First Circuit.

Heard Nov. 8, 1995.

Decided Feb. 12, 1996.

---

Edward L. Hoban, Westwood, MA, for appellant.

Lori J. Holik, Assistant United States Attorney, with whom Donald K. Stern, United States Attorney, Boston, MA, was on brief for appellee.

Before CYR, BOUDIN and STAHL, Circuit Judges.

CYR, Circuit Judge.

After securing an advantageous pretrial settlement of his age discrimination claim against the Secretary of the United States Department of the Treasury, plaintiff Robert J. Nowd, a Special Agent with the Bureau of Alcohol, Tobacco and Firearms, unsuccessfully sought an attorney fee award under both the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(b), then initiated the present appeal. We vacate the district court order and remand for further proceedings.

### DISCUSSION

The district court, relying on *Lewis v. Federal Prison Indus., Inc.*, 953 F.2d 1277 (11th Cir.1992), held that neither the ADEA nor the EAJA authorizes an attorney fee award to a federal employee who prevails against the United States in an age discrimination in employment action. Nowd faults the district court ruling in two respects. First, he contends that *Lewis* misconstrued the ADEA attorney fee provision. Second, he argues that the *Lewis* reasoning does not extend to the dissimilar EAJA attorney fee provision.[1]

### A. *The ADEA*

Congress enacted the ADEA in 1967 to enable legal recourse by private sector employees subjected to age discrimination in the workplace, *see Lorillard v. Pons*, 434 U.S. 575, 577–81, 98 S.Ct. 866, 868–70, 55 L.Ed.2d 40 (1978), by providing that "the court[s] shall have jurisdiction to grant *such legal or equitable relief as may be appropriate* to effectuate the purposes of [the ADEA], including without limitation judgments compelling employment, reinstatement or promotion." 29 U.S.C. § 626(b) (emphasis added); *see also id.* § 626(c)(1) ("Any person aggrieved may bring a civil action in any court ... for *such legal or equitable relief as will effectuate the purposes of this chapter.*") (emphasis added). ADEA § 626(b) expressly incorporated particular provisions of the Fair Labor Standards Act ("FLSA"), including FLSA § 216(b) which states that "[t]he court ... *shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant." 29 U.S.C. § 216(b) (emphasis added).

It was not until 1974, *see id.* § 633a, that certain federal government employees be-

---

1. We review the challenged statutory interpretations *de novo*. *See Riva v. Commonwealth of Mass.*, 61 F.3d 1003, 1007 (1st Cir.1995).

came entitled to protection under the ADEA. *Lewis*, 953 F.2d at 1281. Moreover, Congress did not explicitly extend the FLSA attorney fee provision, viz., FLSA § 216(b), to public sector employees, as it had done earlier with respect to private sector employees. *Id.* Finally, subsection 633a(f) flatly states that any ADEA claim brought by a public sector employee under new section 633a is neither affected by nor subject to "any provision of . . . [the ADEA], other than the provisions of section 631(b) of this title [pertaining to age limits] and the provisions of this section [633a]." 29 U.S.C. § 633a(f); *see also Lewis*, 953 F.2d at 1281.

Nowd nonetheless argues that subsection 633a(c), authorizing "such legal or equitable relief as will effectuate the purposes of [the ADEA]," should be read to empower an award of attorney fees against the United States. We do not agree.

■ For one thing, the explicit restriction set forth in subsection 633a(f) at the time that section 633a (including subsection 633a(c)) was enacted, plainly provides that section 633a is a self-contained provision applicable exclusively to ADEA claims against public sector employers. *Lewis*, 953 F.2d at 1281–82; *see Lehman v. Nakshian*, 453 U.S. 156, 160–61, 101 S.Ct. 2698, 2701–2702, 69 L.Ed.2d 548 (1981) (holding that federal employees do not have the right to jury trial available to private sector ADEA claimants). Second, under the so-called "American Rule," parties in litigation ordinarily bear their own attorney fees. *See BTZ, Inc. v. Great Northern Nekoosa Corp.*, 47 F.3d 463, 465 (1st Cir.1995); *Committee on Civic Rights of the Friends of Newburyport Waterfront v. Romney*, 518 F.2d 71, 72 (1st Cir.1975). Exceptions normally obtain only for fee shifting awards *expressly* authorized by statute. *Id.* (citing *Alyeska Pipeline Serv. Co. v. The Wilderness Soc'y*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975)). Third, the availability *vel non* of attorney fees under section 633a directly implicates the doctrine of sovereign immunity. *See United States v. Horn*, 29 F.3d 754, 761 (1st Cir.1994) (citing *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685, 103 S.Ct. 3274, 3277–78, 77 L.Ed.2d 938 (1983)). Absent an *express* and *unequivocal* waiver,

the United States is immune from suit. *Id.* at 761–62; *see also Lehman*, 453 U.S. at 160–61, 101 S.Ct. at 2701–2702. Waivers of sovereign immunity are to be strictly construed in favor of the United States and "must not be enlarged beyond such boundaries as [the statute's] language plainly requires." *Horn*, 29 F.3d at 762 (citing *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33–34, 112 S.Ct. 1011, 1014–15, 117 L.Ed.2d 181 (1992)); *cf. Lehman*, 453 U.S. at 160–61, 101 S.Ct. at 2701–2702 (limiting right to jury trial under ADEA).

■ The generalized language in subsection 633a(c) (authorizing "such legal or equitable relief as will effectuate the purposes of [the ADEA]") is insufficient to overcome either the American Rule or sovereign immunity. Whatever else the Congress may have intended to accomplish by its enactment of subsection 633a(c), it made no *express* reference to attorney fee awards against the United States. Furthermore, the broad language in subsection 633a(c) relied on by Nowd— "legal or equitable relief"—cannot be deemed an express statutory authorization of attorney fee awards against the United States without ignoring Congress' explicit incorporation of FLSA § 216(b) which specifically provided for attorney fee awards in private sector cases, *notwithstanding the presence of the identical phrase* "legal or equitable relief" in ADEA § 626(b) at the time FLSA § 216(b) was incorporated.

Were we to construe the phrase "legal or equitable relief" as encompassing attorney fee awards against the United States, Congress' explicit incorporation of FLSA § 216(b) into the private sector ADEA scheme would be reduced to an empty exercise and no effect would be given to ADEA § 633a(f), which expressly confines the federal-employee ADEA claims procedure within a self-contained scheme and defines the remedial limits of federal government liability under the ADEA. *See Lehman*, 453 U.S. at 168, 101 S.Ct. at 2705–2706; *see also Rodriguez v. United States*, 480 U.S. 522, 525, 107 S.Ct. 1391, 1393, 94 L.Ed.2d 533 (1987) ("'[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is

generally presumed that Congress acts intentionally and purposely in the disparate ... exclusion.'") (citations omitted); *State of Rhode Island v. Narragansett Indian Tribe,* 19 F.3d 685, 702 (1st Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 298, 130 L.Ed.2d 211 (1994). Accordingly, we affirm the district court ruling that the ADEA itself does not authorize attorney fee awards against the United States.

## B. *The EAJA*

■ Alternatively, Nowd contends that he is entitled to an attorney fee award against the United States by virtue of the EAJA, which provides, in part, that "[u]nless *expressly prohibited* by statute, a court *may* award reasonable fees and expenses of attorneys ... to the prevailing party in *any* civil action brought ... against the United States." 28 U.S.C. § 2412(b) (emphasis added). The EAJA provides for awards against the United States "to the same extent that any other party would be liable under ... the terms of any statute *which specifically provides for such an award.*" *Id.* (emphasis added). Thus, EAJA § 2412(b) permits an attorney fee award against the United States where a private litigant would be amenable to a fee award under the statute establishing the particular cause of action. *Id.; see also* H.R.Rep. No. 1418, 96th Cong., 2d Sess. 8 (1980), *reprinted in* 1980 U.S.C.C.A.N 4984, 4987.

■ As noted above, *see supra* p. 3, the ADEA expressly imports various remedial provisions from the FLSA, including FLSA § 216(b), which permits attorney fee awards in actions against private sector employers. *See* 29 U.S.C. § 626(b). Consequently, a prevailing ADEA claimant is entitled to a reasonable attorney fee award against a *private* sector employer. Thus, it is entirely consistent with the EAJA's purpose that the United States, *qua* employer, assume responsibility on a "completely equal footing" with private sector employers in regard to attorney fee awards under the ADEA. *See* H.R.Rep. No. 1418, *reprinted in* 1980 U.S.C.C.A.N. at 4987 (citing *Natural Resources Defense Council v. E.P.A.,* 484 F.2d 1331 (1st Cir.1973)). Further, in keeping with the proviso to EAJA § 2412(b), ADEA § 633a(c) cannot be said—by its silence, *cf. supra* Section A—to "expressly prohibit[ ]" attorney fee awards against the United States. *See* 29 U.S.C. § 633a(c). We therefore conclude that the EAJA empowers the district courts, in their reasonable discretion, to award prevailing ADEA claimants attorney fees and expenses against the United States.

## C. *The Nowd Application*

The United States nonetheless contends that Nowd is not entitled to an attorney fee award under the EAJA, since the fee application is deficient. *See, e.g., Grendel's Den, Inc. v. Larkin,* 749 F.2d 945, 952 (1st Cir. 1984) (noting potential adverse consequences of counsel's failure to maintain contemporaneous time records). As the district court has yet to decide whether to exercise its discretion in this case, it should be afforded an opportunity to consider the Nowd application in the first instance. *See Foster v. Mydas Assocs., Inc.,* 943 F.2d 139, 144–45 (1st Cir.1991) (noting that determination of fee award by appellate court in first instance would usurp trial court function); *see also Grendel's Den, Inc.,* 749 F.2d at 952 (noting that absence of contemporaneous time records does not invariably result in *total disallowance* of fee application, but instead may warrant only a "substantial reduction"). Moreover, it appears that Nowd did not have an adequate opportunity to respond to the contention that the fee application was deficient. The record reveals that the district court disallowed the fee application, on other grounds, *two days* after the government first opposed it as deficient in form. As Nowd should be given an opportunity to respond, or amend the fee application, we remand to the district court for further proceedings consistent with this opinion.

### *CONCLUSION*

In sum, we hold that the ADEA, 29 U.S.C. § 633a, does not mandate an award of attorney fees and expenses against the United States for the benefit of a prevailing public sector employee, but that the EAJA, 28 U.S.C. § 2412(b), nonetheless permits a dis-

cretionary award of attorney fees and expenses against the United States for the benefit of a prevailing ADEA claimant.

*For the foregoing reasons, we vacate the district court order and remand for further proceedings consistent with this opinion.*