Carlos VILLESCAS, Plaintiff,

v.

Bill RICHARDSON, Secretary of the Department of Energy, and Janet Reno, Attorney General, Department of Justice, Defendants.

No. CIV. A. 97–B–1955.

United States District Court,
D. Colorado.

April 16, 2001.

Darold W. Killmer, John T. Carlson, Miller, Lane, Killmer & Greisen, LLP, Denver, CO, for Plaintiff.

Lois B. Osler, U.S. Dept. of Justice, Washington, DC, Lisa A. Olson, Karyn A. Temple, U.S. Dept. of Justice, Washington, DC, for Defendants.

## MEMORANDUM OPINION AND ORDER

BABCOCK, Chief Judge.

Plaintiff Carlos Villescas moves for attorney fees and expenses. Defendant Bill Richardson, Secretary of the Department of Energy ("DOE"), opposes the motion. The motion is adequately briefed and oral argument would not materially aid its determination. For the following reasons, I grant Plaintiff's motion.

## I. Attorney Fees under the ADEA

On December 12, 2000, I entered judgment in Plaintiff's favor in the amount of $50,000.00 plus costs and attorney fees for his claim of retaliation in violation of the Age Discrimination in Employment Act ("ADEA"). Plaintiff contends that because he prevailed on his ADEA retaliation claim he is entitled to recover $150,192.50 in attorney fees, as well as his costs of litigation. Defendant argues that the ADEA does not expressly provide for attorney fee awards against the United States and, therefore, Plaintiff may only seek an award of attorney fees against the United States pursuant to the Equal Access to Justice Act ("EAJA").

The ADEA specifically authorizes awards of attorney fees by referencing the attorney fee provision in the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"). 29 U.S.C. § 626(b). For ease of reference I refer to this authority as the ADEA attorney fee provision. Federal employees, however, only became entitled to protection under the ADEA in 1974 pursuant to § 633a. Courts are divided as to whether the ADEA attorney fee provision also applies to suits by federal employees.

Some courts conclude that Congress has not explicitly extended the ADEA attorney fee provision to public sector employees and, thus, the United States has not waived its sovereign immunity as it relates to attorney fees under the ADEA. These courts emphasize that § 633a(f) states that any ADEA claim brought by a public sector employee under § 633a is neither affected by nor subject to "any provision of ... [the ADEA], other than the provisions of [section 631(b) of this title (pertaining to age limits) ] and the provisions of this section [633a]." 29 U.S.C. § 633a(f); see Boehms v. Crowell, 139 F.3d 452, 462 (5th Cir.1998)(holding that the language of ADEA subsection 633a does not overcome either the doctrine of sovereign immunity or the so-called American Rule of attorney fees when an award of attorney fees is requested against the United States); Nowd v. Rubin, 76 F.3d 25, 27 (1st Cir. 1996)(same); EEOC v. O & G Spring and Wire Forms Specialty Co., 38 F.3d 872, 881 (7th Cir.1994)(noting that the EAJA applies in suits brought under the ADEA against the United States); see also EEOC v. Clay Printing Co., 13 F.3d 813, 817 (4th Cir.1994)(finding that because the ADEA provides that plaintiffs may recover attorney fees, the EAJA controls when defendants are attempting to recover such fees). Instead of the ADEA attorney fee provision, these courts hold that a party may seek an award of attorney fees from the United States in an ADEA case only by virtue of the EAJA. See Nowd, 76 F.3d at 27; Boehms, 139 F.3d at 463; Clay Printing Co., 13 F.3d at 817; O & G Spring and Wire Forms Specialty Co., 38 F.3d at 881. The EAJA states that "[u]nless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys ... to the prevailing party in any civil action brought ... against the United States ...." 28 U.S.C. § 2412(b). However, the EAJA caps the attorney rate which

may be used in calculating an award—while the ADEA only requires that the attorney rate is reasonable for the prevailing market. And, the EAJA provides that the United States is not required to pay the other party's attorney fees if its position in litigation was substantially justified.

Other courts conclude that the United States has waived its sovereign immunity for attorney fees under the ADEA. *See Craig v. O'Leary,* 870 F.Supp. 1007, 1009 (D.Colo.1994)(Kane, J.); *Klein v. Sec'y of Transp.,* 807 F.Supp. 1517, 1526 (D.Wash. 1992); *Lowenstein v. Baldridge,* 38 BNA 466, 468–69, 1985 WL 56656 (D.D.C.1985); *Krodel v. Young,* 576 F.Supp. 390, 394–95 (D.D.C.1983); *Sterling v. Lehman,* 574 F.Supp. 415, 417 (D.Cal.1983); *DeFries v. Haarhues,* 488 F.Supp. 1037, 1044–45 (D.Ill.1980). In the District of Colorado, Judge Kane issued a well reasoned opinion in the case that is the genesis for this one, holding that the ADEA attorney fees provision applies to suits against the United States because § 633a(c) was an "express waiver" of governmental immunity for attorney fees. *See Craig,* 870 F.Supp. at 1009. He noted that § 633a(c) specifically "requires federal courts to provide such relief to federal employees 'as will effectuate the purposes' of the ADEA." *Id.* Given that the ADEA's stated purpose is to "make whole" victims of discrimination, Judge Kane held that a result which made private sector plaintiffs whole but public sector plaintiffs less than whole was "anomalous" and unsupported by the "language, history or structure" of the ADEA. *Id.*

■ Additionally, Judge Kane noted that the EAJA also acted as an express waiver of governmental immunity for attorney fees under the ADEA. The Tenth Circuit has previously determined that the EAJA may constitute an explicit waiver to liability for attorney fees. *See Adamson v. Bowen,* 855 F.2d 668, 670–71 (10th Cir.

1988)(EAJA "expressly waives" sovereign immunity as to Rule 11 and discovery sanctions, including attorney fees) *cf. In re Graham,* 981 F.2d 1135, 1139 (10th Cir. 1992) (finding 26 U.S.C. § 7430 governs attorney fee awards against the Internal Revenue Service and holding neither § 7430 nor Rule 11 applies in bankruptcy proceedings so as to waive the IRS's sovereign immunity from fees in that context). By enacting the EAJA, Congress sought to place the United States on "equal footing" with private litigants when defending against civil rights claims. *Id.* at 1009 (noting that "[t]he EAJA states the United States may be liable for attorney fees 'to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.'") (quoting 28 U.S.C. § 2412(b)). The ADEA specifically provides for an award of attorney fees against private employers (through its reference to the FLSA attorney fee provision). Therefore, in order for the United States to be on equal footing with private employers, it should be subject to the ADEA attorney fee provision. Thus, Judge Kane concluded that the EAJA served as an explicit waiver of the United State's sovereign immunity as to the ADEA attorney fee provision. I adopt Judge Kane's rationale and hold that the ADEA attorney fee provision does apply to awards against the United States.

## II. Reasonable Attorney Fees

■ The ADEA, through reference to the FLSA remedial provision, provides that "the court ... shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). In deciding what constitutes reasonable attorney fees, I must apply the lodestar principles stated in *Ramos v. Lamm,* 713 F.2d 546 (10th

Cir.1983). Under this analysis, I determine the number of actual hours expended on the case, hours reasonably expended, and a reasonable hourly rate. The latter two elements are multiplied together to establish the "lodestar." Thereafter, the court may adjust the lodestar up or down based on certain factors. *Id.* at 552–55.

### (1) Time Spent

 "The first step in calculating fee awards is to determine the number of hours reasonably spent by counsel for the party seeking the fees." *Ramos v. Lamm,* 713 F.2d 546, 552 (10th Cir.1983) (citing *Hensley v. Eckerhart,* 461 U.S. at 424, 103 S.Ct. 1933). The burden of proof lies with the prevailing party seeking fees: "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley,* 461 U.S. at 437, 103 S.Ct. 1933. Plaintiff's attorneys have submitted billing records and affidavits to substantiate the attorney fees claim. These documents reflect that the attorneys, paralegals, and law clerks incurred fees totaling $150,192.50. The billing records detail which individual performed a certain task and the amount of time spent on each task. In total, the proposed fee award includes fees for: 701.9 hours of attorney time, 145.9 hours of paralegal time, and 24.5 hours of law clerk time. I have reviewed the billing statements and conclude that they are adequately specific.

This case was originally filed in September of 1997—more than three and a half years ago. In those three and a half years, there have been numerous dispositive motions filed by the United States—including a motion to dismiss and a motion for summary judgment. In December of 2000, there was a four day jury trial followed by a one day bench trial to supplement the evidence presented to the jury. Based on my experience and the record in this case, the amount of time billed appears reasonable.

### (2) Reasonableness of Hourly Rate

 Plaintiff seeks payment for attorney services at the rate of $250/ hour, for paralegal services at $150/ hour, and for law clerk services at $75/ hour. The standard for determining the reasonableness of hourly rates is what lawyers of "comparable skill and experience practicing in the area would charge for their time." *Ramos,* 713 F.2d at 553. I find that these hourly billing rates are reasonable in the Denver area for experienced lawyers, as well as paralegals and law clerks.

### (3) Adjustment to Lodestar

 The lodestar calculation may be reduced on the grounds that a prevailing party has achieved only partial success. *See Hensley,* 461 U.S. at 436–37, 103 S.Ct. 1933; *Robinson v. City of Edmond,* 160 F.3d 1275, 1282–84 (10th Cir.1998). Here, Plaintiff raised retaliation and Privacy Act claims against two defendants, the Department of Justice ("DOJ") and DOE. The DOJ was dismissed as a defendant shortly before the trial. Defendant DOE argues that half of Plaintiff's attorney fees are attributable to Defendant DOJ and, therefore, should be stricken from the request for attorney fees.

DOJ, which was dismissed as a defendant from this suit, will not be required to pay any of Plaintiff's attorney fees. *See Houston v. Reich,* 932 F.2d 883, 890 (10th Cir.1991)(concluding that there was "no basis in law" for the district court to direct the City to pay attorney fees because the City was dismissed from the action). Instead, the remaining Defendant, DOE, must pay any such award. The claims against DOJ and DOE were the same and were based on the same factual allegations. Thus, the attorney fee award is not

reduced simply because DOJ was dismissed from the case.

█ Because Plaintiff's Privacy Act claim against Defendant DOE was also dismissed, Defendant argues that Plaintiff's attorney fee request should be reduced further. Additionally, Plaintiff alleged retaliation under both Title VII and the ADEA—but only the ADEA retaliation claim was decided in his favor. Therefore, Defendant argues that the attorney fee request should again be reduced.

The Supreme Court noted in *Hensley* that many civil rights suits involve multiple claims based on "a common core of facts or . . . related legal theories." *Hensley*, 461 U.S. at 435, 103 S.Ct. 1933. In such cases, the individual claims should not be evaluated as though they were discrete and severable. *Robinson*, 160 F.3d at 1282. Litigants should be able to raise alternative legal grounds without fear that doing so will threaten the attorney's subsequent compensation. *Id.* "[A] court should focus on the 'significance of the overall relief' that the prevailing party has won: 'The result is what matters.'" *Id.* (quoting *Hensley*, 461 U.S. at 436–37, 103 S.Ct. 1933).

The Tenth Circuit has applied *Hensley* to reverse a district court's reduction of attorney fees for a plaintiff who prevailed on a part of her Equal Pay Act claim but failed on her Title VII claims because the facts supporting the plaintiff's unsuccessful claims were part of "one bundle of proof" which also supported the plaintiff's successful claim. *Tidwell v. Fort Howard Corp.*, 989 F.2d 406, 412–13 (10th Cir. 1993). There, the Tenth Circuit concluded that the plaintiff's attorney was "entitled to be fully compensated." *Id.* Similarly, in another case, the court rejected a Title VII defendant's appeal calling for a reduction in a fee award granted to the plaintiff because the court found that the plaintiff's unsuccessful state-law contract and emotional distress claims were all "intimately related" to her successful Title VII hostile work environment claim. *Smith v. Northwest Fin. Acceptance, Inc.*, 129 F.3d 1408, 1418–19 (10th Cir.1997).

█ When a plaintiff achieves the principal goal of his lawsuit, lack of success on some of his interrelated claims may not be used as a basis for reducing the plaintiff's fee award. *Robinson v. City of Edmond*, 160 F.3d at 1284. Hence, when a plaintiff achieves most or all of what he aimed for in a civil rights lawsuit, his lawyer should receive "a fully compensatory fee." *Hensley*, 461 U.S. at 435, 103 S.Ct. 1933. Here, based on a common core of facts and related theories, the Plaintiff achieved most of what he aimed for; a declaration that defendant's actions were illegal and compensation for his damages. *See Nephew v. City of Aurora*, 830 F.2d 1547 (10th Cir.1987)(en banc)(holding that even when a prevailing party is awarded only nominal damages of one dollar, an award of $ 12,500 in attorney fees was not an abuse of discretion where the most important aspect of the judgment was the vindication of plaintiffs' civil rights). I conclude Plaintiff's attorney should receive a fully compensatory fee. Accordingly, I will not adjust the lodestar.

### III. Costs

In its Response to Plaintiff's motion, Defendant argues that some of the costs included in Plaintiff's bill of costs should be denied. Plaintiff argues that the Defendant failed to timely object to the bill of costs and, thus, it has waived its argument on this issue.

█ The District Court Clerk held a Bill of Costs hearing on January 30, 2001, and ordered the Defendant to pay Plaintiff costs in the amount of $2,338.35. *See Plaintiff's Reply, Exhibit 4, Bill of Costs.*

If the Defendant objected to the Clerk's action, it should have filed a motion within 5 days of the Clerk's action. Instead, the Defendant only argued about the costs in its Response, which was filed on January 17, 2001—before the Clerk's actions took place. The Clerk's determination became final when the Defendant failed to file a motion within 5 days of the action. *See Gary v. Spires,* 634 F.2d 772, 773 (4th Cir.1980); *Fleet Inv. Co. v. Rogers,* 87 F.R.D. 537, 540 (W.D.Okla.1978), *aff'd,* 620 F.2d 792 (10th Cir.1980).

Accordingly, I **ORDER** that:

(1) Plaintiff's motion for attorney fees and costs is GRANTED;

(2) Defendant must pay Plaintiff attorney fees of $150,192.50 plus interest; and

(3) Defendant must pay Plaintiff costs of $2,338.35.