**Blanca BAEZ, Plaintiff**

v.

**Michael J. ASTRUE, Commissioner of Social Security, Defendant.**

**Civil Action No. 07–30075–KPN.**

United States District Court,
D. Massachusetts.

Jan. 6, 2009.

Richard C. Roth, Law Office of Richard C. Roth, Springfield, MA, for Plaintiff.

Karen L. Goodwin, United States Attorney's Office, Springfield, MA, for Defendant.

### MEMORANDUM AND ORDER WITH REGARD TO PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES (Document No. 18)

NEIMAN, United States Chief Magistrate Judge.

Presently before the court is Blanca Baez ("Plaintiff")'s application for attorney's fees, amounting to $4,137.01, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Plaintiff claims that she is entitled to such fees as the result of this court's April 29, 2008 order reversing the administrative decision of the Commissioner of the Social Security Administration ("the Commissioner")—which decision had

denied Plaintiff Social Security Disability ("SSDI") benefits under Title II of the Social Security Act-and remanding the matter for further administrative proceedings. *See Baez v. Astrue*, 550 F.Supp.2d 210 (D.Mass.2008). The Commissioner opposes Plaintiff's motion for fees, claiming that his decision to deny SSDI benefits and defend that denial in court was substantially justified. For the reasons which follow, the court agrees with the Commissioner and will deny Plaintiff's motion.

## I. BACKGROUND

Plaintiff applied for SSDI benefits on April 12, 2005, alleging that she was disabled since December 31, 2001. (Administrative Record ("A.R.") at 56–59.) Because Plaintiff only had sufficient quarters of coverage to remain insured for SSDI purposes through June 30, 2003, she had to demonstrate that she was disabled as of that date. *See* 20 C.F.R. §§ 404.101, 404.130–404.131. As noted in the court's April 29, 2008 order, however, "[t]here was little, if anything, before the ALJ [administrative law judge] which demonstrated that [Plaintiff] was under a disability prior to the expiration of her insured status on June 30, 2003." *Baez*, 550 F.Supp.2d at 215. Consequently, the ALJ found that Plaintiff was not entitled to SSDI. *See id.*

Plaintiff, however, had simultaneously filed on April 12, 2005, an application for Supplemental Security Income benefits ("SSI") under Title XVI of the Social Security Act, which application was granted. (A.R. at 103.) SSI is a needs-based program in which an individual's insured status plays no role, even though both SSI and SSDI otherwise define "disability" in the same way. *Baez*, 550 F.Supp.2d at 215. Since the ALJ was not made aware of Plaintiff's SSI eligibility or its possible onset date—for reasons explained below—the court reversed and remanded the matter for further administrative proceedings. (A.R. at 15.) Plaintiff's requests for fees pursuant to the EAJA arises out of her having prevailed in this manner before the court.

## II. DISCUSSION

■ The case at bar concerns the award of fees pursuant to the EAJA, not the award of fees under 42 U.S.C. § 406(b).[1] After describing the EAJA in some detail, the court will analyze the parties' arguments. In the end, as indicated, the court will conclude that the Commissioner has the stronger argument.

## A. EQUAL ACCESS TO JUSTICE ACT

The EAJA provides for an award of attorney's fees to a prevailing party in a civil action against the United States. *See Nowd v. Rubin*, 76 F.3d 25, 28 (1st Cir. 1996). More precisely, the EAJA allows for an attorney's fee award provided that:

---

1. Section 406(b) authorizes a court to allow a reasonable attorney's fee, not in excess of twenty-five percent of the total of past-due benefits, as part of a judgment favorable to an SSDI claimant. The award of attorney's fees pursuant to the EAJA, in contrast, is independent of past-due benefits and effectively increases the portion of past-due benefits that a successful claimant may pocket. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002). As the Supreme Court explained:

 Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee. Thus, an EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits.

 *Id.* (citations, alterations and internal quotation marks omitted).

(1) the party seeking such fees is the "prevailing party" in a civil action brought by or against the United States; (2) the position of the government is not "substantially justified"; and (3) no "special circumstances" make such an award "unjust." 28 U.S.C. § 2412(d)(1)(A). *See Schock v. United States*, 254 F.3d 1, 4 (1st Cir.2001). The issue presently before the court concerns the Commissioner's substantial justification.

 The Commissioner acknowledges that he has the burden of establishing by a preponderance of the evidence that his litigation position was substantially justified. *See United States v. Yoffe*, 775 F.2d 447, 450 (1st Cir.1985). *See also Schock*, 254 F.3d at 5. That inquiry entails three considerations: (1) "did the government have a reasonable basis for the facts alleged," (2) "did it have a reasonable basis in law for the theories advanced," and (3) "did the facts support its theory." *Yoffe*, 775 F.2d at 450 (citation omitted). At bottom, a determination may be deemed "substantially justified" as long as it was reasonable in law and fact. *See Pierce v. Underwood*, 487 U.S. 552, 563, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988).[2]

B. *ANALYSIS*

 For the reasons which follow, the court finds that the Commissioner has borne his burden of establishing that his litigation and prelitigation positions were substantially justified. The court also finds unpersuasive Plaintiff's argument that the court ought to expand the Commissioner's burden further. *See Dantran, Inc. v. U.S. Dep't of Labor*, 246 F.3d 36, 41 (1st Cir.2001) ("The court's task in examining the government's position is not to make discrete findings as to each of these temporarily distinct elements, [but to] ... arrive at one conclusion that simultaneously encompasses and accommodates the entire civil action.") (citation and internal quotation marks omitted).

In essence, the Commissioner argues that the ALJ was substantially justified in his decision—and, in turn, that the Commissioner was substantially justified in defending that position—because Plaintiff's representative explained to the ALJ at the administrative hearing that the case involved SSDI benefits and that the ALJ properly determined that Plaintiff had failed to demonstrate that she was disabled prior to the expiration of her insured status. *See Baez*, 550 F.Supp.2d at 215–18. The Commissioner also asserts that, Plaintiff's argument to the contrary, the ALJ was unaware of her SSI eligibility despite the fact, now known, that Plaintiff had applied for and was receiving SSI at the time. *See id.* The Commissioner notes that the ALJ specifically asked Plaintiff's representative whether she had filed an application for SSI and that, in response, Plaintiff's representative, professing ignorance, reiterated that Plain-

---

2. It should be noted, however, that a court's reversal of a decision to deny benefits is not determinative as to whether the defendant's position was substantially justified. *See id.* at 568–69, 108 S.Ct. 2541. *See also Scarborough v. Principi*, 541 U.S. 401, 414–15, 124 S.Ct. 1856, 158 L.Ed.2d 674 (2004); H.R.Rep. No. 96–1418, 96th Cong. 1st Sess. 10–11 (1979) reprinted in 1980 U.S.Code Cong. and Adm. News 4953, 4989–4990, available at 1980 WL 12964 ("The test of whether or not a government action is substantially justified is essentially one of reasonableness. Where the government can show that its case had a reasonable basis both in law and fact, no award shall be made ... The standard, however, should not be read to raise a presumption that the government position was not substantially justified, simply because it lost the case. Nor, in fact, does the standard require the government to establish that its decision to litigate was based on a substantial probability of prevailing.").

tiff's case concerned SSDI only. *See id.* at 217–18.[3]

Plaintiff disputes neither her original representative's unfamiliarity with her case nor his failure to assist the ALJ in understanding its posture. Nonetheless, Plaintiff argues that the Commissioner, through his agents, "contributed to the misunderstanding." (Document No. 21 ("Pl.'s Reply") at 3.) More specifically, Plaintiff argues that, "once the ALJ determined that [she] was disabled, the ALJ was bound to follow longstanding Social Security guidelines in making a determination of the onset date of the disability." (*Id.*) The "guidelines" to which Plaintiff refers are apparently in Social Security Ruling ("SSR") 83–20 which, in general, describes the relevant evidence to be considered when establishing an onset date.

The court believes, for a variety of reasons, that the Commissioner has the better argument. First, Plaintiff's assertion that the ALJ was bound to follow SSR 83–20 "once the ALJ determined that [she] was disabled" is misdirected. Although the ALJ, at the time of the hearing, did opine that Plaintiff was "presently disabled," Plaintiff has not convinced the court that SSR 83–20 would have required the ALJ to have done anything other than he did, *i.e.*, focus on Plaintiff's medical condition prior to the expiration of her insured sta-

tus on June 30, 2003. Unfortunately for Plaintiff, the ALJ's repeated efforts to elicit evidence from her representative concerning her medical condition prior to June 30, 2003, came to naught.[4] Accordingly, any "failure" on the part of the ALJ to apply Social Security Ruling 83–20, if failure it was, was caused by Plaintiff's representative's multiple errors. *See Ware v. Barnhart,* No. 03–170–B–W, 2004 WL 1529266, at *2 (D.Me., June 24, 2004) (affirming decision denying SSDI benefits when the administrative law judge, even with knowledge that claimant was receiving SSI, otherwise followed the dictates of SSR 83–20).

Second, the court rejected outright the two primary claims which Plaintiff, through present counsel, thought required reversal of the ALJ's decision, namely, (1) that the ALJ's finding at step two of the five-step protocol was in error and (2) that newly proffered medical evidence regarding the onset of her disability necessitated remand. *See Baez,* 550 F.Supp.2d at 215–18. The court found both arguments unpersuasive. Thus, the Commissioner was not only justified for EAJA purposes in defending the ALJ's decision before this court but successful in defeating Plaintiff's main claims.

Third, the only matters that cast doubt on the ALJ's decision were "[t]he errors

---

**3.** As noted in the court's April 29, 2008 order, Plaintiff's representative at the administrative hearing was a paralegal with a law firm other than the firm presently and ably representing her. *Id.* at 214.

**4.** As an example, the following exchange was quoted in the court's April 29, 2008 order:

ALJ: So let me ask you a question before we even start the case. Do I have anything in this file, any medical evidence in this file—because remember, I have to have a sever medically determinable impairment, otherwise I have to find her not qualified at step two—do I have any medical evidence in this

file that I can hang my hat on, to establish that your client was disabled prior to June 30th, 2003? If so, you have to point me to it. Because I don't see it.

ATTY: Well, Your Honor, you know that I've always been honest with you—

ALJ: Please, please continue your admirable role.

ATTY [sic]: No—

ALJ: Okay, so there's no such evidence?

ATTY [sic]: No, I, I was-like I say, I was under the assumption it was an SSI case–

. . .

*Baez,* 550 F.Supp.2d at 215.

by Plaintiff's representative," which, in the court's estimation, caused the ALJ to have "little choice" but to find that Plaintiff was not disabled. *Id.* at 218. Although Plaintiff pointed towards this problem when seeking reversal, she chose instead to focus on what she believed to be the ALJ's errors. *See id.* at 216. The court, however, determined on its own initiative that Plaintiff's representative's ineffectiveness, standing alone, necessitated remand. The court found that Plaintiff's representative "was not at all prepared to develop the record," "did not adequately address the ALJ's inquiries" and, in fact, "led the ALJ in the wrong direction." *Id.* at 217–18. Given these particular circumstances, the Commissioner was substantially justified in defending the ALJ's decision before this court. *Cf. Bryant v. Apfel*, 37 F.Supp.2d 210, 213–214 (E.D.N.Y.1999) (although ALJ failed to develop record, requiring reversal and remand of his decision, award of EAJA fees would be unjust, as claimant's counsel did not make adequate effort to rectify ALJ's failure).[5]

Fourth, Plaintiff's argument with regard to the Commissioner's "prelitigation" position does not diminish the court's view that his position was substantially justified. For example, Plaintiff asserts that, "[a]t some stage in the development of the Plaintiff's case prior to the administrative hearing, some individual at the [Commissioner's] Office of Disability Application and Review in Springfield either deliberately or inadvertently failed to print a copy of the electronic SSI application and display it as an exhibit in the claim file as Exhibit I–SSI." (Pl.'s Reply at 3.) Administrative law judges are used to seeing such an exhibit, Plaintiff continues, and its absence in the file "contributed to the confusion that permeated the administrative hearing." (*Id.*) However, this argument, aided as it is by twenty-twenty hindsight, was never before brought to the court's attention and is, now, simply too late. *See Tennessee Gas Pipeline Co. v. 104 Acres of Land*, 32 F.3d 632, 635 (1st Cir.1994) ("fee applications should not result in secondary litigation") (citing cases). Even were the argument permissible at this late stage of the litigation, it is unsupported by any evidence.

Similarly, Plaintiff asserts that yet other documents in her file ought to have alerted the ALJ to her SSI application having been made and approved, notwithstanding her representative's contrary statements at the administrative hearing. In support, Plaintiff points to some documents which, she asserts, indicate that she had filed concurrent SSI and SSDI claims. Unfortunately for Plaintiff's fee application, this argument, too, is unpersuasive.

For one thing, Plaintiff's argument is undermined by her exoneration of the ALJ himself, *i.e.*, her admission that some of the documents often use "technical terms or jargon that may not have been obvious to an ALJ but should have been clear to support staff at the hearing office." (Pl's Reply at 4. See also *id.* at 5 (referring to a "Medical Evaluation Sheet … annotated with 'MED LISTING No. 12.02' and E.O.D. [established onset date] F.D. [filing date]").) More importantly, however, the ALJ was actually quite inquisitive at the hearing—the result, perhaps, of the very documents which Plaintiff now cites. Nonetheless, as described, the ALJ was dissuaded by Plaintiff's representative

---

5. Relatedly, the Commissioner points out that Plaintiff's request for review of the ALJ's decision by the Appeals Court provided her representative with yet another opportunity to inform the Commissioner, prior to judicial review and his exposure to EAJA liability, that she had filed a favorable SSI application. Plaintiff's representative, however, remained silent on the issue.

from further inquiry. Plaintiff's representative even admitted that he had *no* evidence that Plaintiff was disabled prior to June 30, 2003. See n. 4, *supra.* That being so, it is simply too much to charge the ALJ and, in turn, the Commissioner with a duty to have inquired further.

### III. CONCLUSION

The court, of course, does not deny that the Commissioner, through its agents, should be careful to understand the posture of concurrent applications for SSI and SSDI, as required by SSR 83–20. The court merely concludes that, here, the imperfections noted by Plaintiff do not undermine the substantial justification upon which the Commissioner based its litigation and prelitigation positions. In the end, the Commissioner's justification in defending the ALJ's September 7, 2006 decision was reasonable in both law and fact. Accordingly, Plaintiff's motion for EAJA fees is DENIED.

IT IS SO ORDERED.